**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Abelardo MONTANO–CALZADA,
Defendant—Appellant.**

**No. 05–10083.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Nicole P. Savel, U.S. Attorney's Office, Tucson, AZ, for Plaintiff–Appellee.

Mark Willimann, Esq., Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Abelardo Montano–Calzada appeals from the sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute approximately 249.7 kilos of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii), and possession with intent to distribute approximately 249.7 kilos of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). We have jurisdiction under 28 U.S.C. § 1291.

Montano–Calzada's contention that his Sixth Amendment rights were violated lacks merit. By admitting he was part of a conspiracy, Montano–Calzada foreclosed any contention that he and his co-conspirators were engaging in separate criminal activities. *Cf. United States v. Palafox–Mazon,* 198 F.3d 1182, 1185 (9th Cir.2000) (dividing the drug quantity for sentencing purposes among different drug smuggling participants, where the defendant had not admitted to being part of a conspiracy).

We also conclude that Montano–Calzada has not shown that his attorney rendered ineffective assistance of counsel. Even assuming that his counsel's performance was somehow deficient, there was no prejudice as Montano–Calzada's guilty plea conclusively established the factual basis for his conviction and sentence. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, as Montano–Calzada was sentenced at a time when the Sentencing Guidelines were mandatory and they are now advisory, a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), is

warranted. *See United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005).

**REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.